# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SAMUEL STONE and** <br> **TABITHA STONE,** | ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| vs. | ) **CASE NO. _____** <br> ) |
| **FISHHAWK ANDERSON, INC.** <br> **and ERIC HOUK** | ) <br> ) <br> ) |
| **Defendants.** | ) |

## COMPLAINT

COME NOW, Samuel Stone and Tabitha Stone, Plaintiffs in the above-styled action, file their Complaint against Defendants Fishhawk Anderson, Inc. and Eric Houk and, in support thereof, state as follows:

### PARTIES

1. Plaintiff Samuel Stone is above the age of nineteen (19) and is a resident of Madison County in the State of Alabama.

2. Plaintiff Tabitha Stone is above the age of nineteen (19) and is a resident of Madison County in the State of Alabama.

3. Defendant Fishhawk Anderson, Inc. is a foreign corporation, doing business by registered agent in the State of Alabama in Madison County.

4.      Defendant Eric Houk is above the age of nineteen (19) and, upon information and belief, is a resident of Madison County in the State of Alabama.

## JURISDICTION AND VENUE

5.      All of the events, transactions or occurrences which gave rise to Plaintiff's claims took place in this Judicial District. Therefore, venue is proper in this district and this division pursuant to 28 U.S.C. § 1391(b)(1).

6.      Federal jurisdiction exists as this action arises under TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended, 42 U.S.C. §§ 2000e - 2000e-17, the CIVIL RIGHTS ACT of 1991, 42 U.S.C. § 1983a, and Section 1 of the CIVIL RIGHTS ACT of 1866, as amended, 42 U.S.C. § 1983, 42 U.S.C. §12101 *et seq*.

7.      This Court maintains subject matter jurisdiction under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1343(a)(4).

## CONDITIONS PRECEDENT

8.      Plaintiff Samuel Stone has exhausted all administrative remedies, as mandated by 29 U.S.C. § 626(d)(1), by filing a Charge of Discrimination with the Equal Employment Opportunity Commission on November 12, 2019 alleging discrimination by Defendant Fishhawk Anderson, a copy of which is attached hereto as Exhibit A and its terms incorporated by reference as if fully set out herein.

9.      The Equal Employment Opportunity Commission subsequently issued Plaintiff Samuel Stone a Right to Sue Letter on September 11, 2020, a copy of which

is attached hereto as Exhibit B and its terms incorporated by reference as if fully set out herein.

10. Plaintiff Samuel Stone has satisfied all conditions precedent to the filing of the instant Complaint.

## FACTS

11. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 10 as if fully set out.

12. Plaintiff Samuel Stone is an African-American individual.

13. Plaintiff Samuel Stone was hired by the Defendant Fishhawk Anderson (henceforth "Defendant Fishhawk"), as a delivery driver in or around June, 2018.

14. On the morning of September 12, 2019, Plaintiff Samuel Stone became aware that a fellow delivery driver, a Caucasian individual named Eric Houk, was under the influence of an illegal substance.

15. Defendant Fishhawk had previously been informed that Defendant Houk was a drug abuser with a bad temper.

16. Concerned that Defendant Houk was carrying out deliveries while under the influence of drugs, Plaintiff Samuel Stone reported this to his employer.

17. However, Defendant Fishhawk did not take any action.

18. Defendant Houk also had widely-known racist tendencies, and had previously used racial slurs against Plaintiff Samuel Stone while they were both at work.

19. Later that same day, Plaintiff Samuel Stone was on his delivery route. He was accompanied by Plaintiff Tabitha Stone, his wife, who was assisting him with programming the GPS coordinates for his route.

20. While delivering a package to a residence, Plaintiff Samuel Stone was accosted by Defendant Houk who called him a "nigger" numerous times.

21. Defendant Houk then assaulted Plaintiff Samuel Stone, who pushed him away in self-defense. Defendant Houk responded by attacking Plaintiff Samuel Stone and clawing his face.

22. Plaintiff Tabitha Stone ran over to help Plaintiff Samuel Stone, but Defendant Houk grabbed her by the throat.

23. Plaintiff Samuel Stone pulled Defendant Houk off Plaintiff Tabitha Stone at which point Houk retreated to his truck and left.

24. Plaintiffs called the police and made a report of the attack. They also reported it to Defendant Fishhawk.

25. Defendant Fishhawk's response was simply that Plaintiff Samuel Stone "shouldn't have been sent out there."

26. When Plaintiff Samuel Stone returned to the delivery terminal, Defendant Houk was already there and Plaintiff Samuel Stone was subsequently sent home for the remainder of the day by his supervisor.

27. The next day, September 13, 2019, Plaintiff Samuel Stone, wanting to press criminal charges, signed a warrant for Defendant Houk's arrest.

28. Later the same day, Defendant Fishhawk's area manager, "Josh" (last name unknown), called Plaintiff Samuel Stone and told him in no uncertain terms that, if he did not drop the charges against Defendant Houk, he would be fired.

29. Plaintiff Samuel Stone explained to "Josh" that Defendant Houk's repeated use of racial slurs, insults and epithets against him in the workplace had resulted in a serious negative impact on his mental health.

30. Plaintiff Samuel Stone could not afford the medication necessary for his exacerbated depression, due to a lack of health insurance.

31. Annette Anderson, one of the principals at Defendant Fishhawk, had previously offered to pay for Plaintiff Samuel Stone's depression medication, because of the constant racial slurs directed against him by Defendant Houk.

32. However, this offer never materialized.

33. On September 16, 2019, Plaintiff Samuel Stone, fearful of losing his job and his sole source of income, dropped the assault charges against Defendant Houk.

34. Plaintiff Samuel Stone's supervisor continued to place Plaintiff Samuel Stone and his assailant in close proximity while at work.

35. Approximately two (2) months after the assault, in or around November, 2019, Plaintiff Samuel Stone was terminated by Defendant Fishhawk for a pretextual reason to cover up the retaliation for Plaintiff Samuel Stone's complaints about Defendant Houk.

36. Defendant Houk remains employed by Defendant Fishhawk Anderson.

37. Plaintiffs were subjected to assault and battery by an agent of Defendant Fishhawk as a result of Defendant's negligent management. Plaintiff Samuel Stone was also discriminated against, and retaliated against, in violation of TITLE VII of the CIVIL RIGHTS ACT (1964), as amended

## CAUSES OF ACTION

### COUNT I

### Battery
### (As to All Defendants)

38. Paragraphs 1 through 37 are incorporated by reference herein as if set out in full.

39. While Plaintiff Samuel Stone was engaged in his normal daily work activities, and while Plaintiff Tabitha Stone was assisting him, Defendant Houk

while acting within the line and scope of his employment, wrongfully wrought harmful and offensive contact on Plaintiffs' persons.

40. As a direct and proximate result of Defendant Houk's conduct, Plaintiffs were caused to suffer personal injury and severe emotional distress.

41. At all times relevant to this action, Defendant Houk was employed by, or acting as an agent for, Defendant Fishhawk. Defendant Houk was under Defendant Fishhawk's direct supervision, employ and control when he committed the battery described herein.

42. Defendant Houk engaged in this conduct while acting within the course and scope of his employment.

43. Defendant Fishhawk, is liable for the tortious conduct of Defendant Houk under the theory of vicarious liability, including the Doctrine of *Respondeat Superior.*

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants Eric Houk and Fishhawk Anderson, Inc. for compensatory and punitive damages, interest, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## COUNT II

## Assault
## (As to All Defendants)

44. Paragraphs 1 through 37 are incorporated by reference herein as if set out in full.

45. While Plaintiff Samuel Stone was engaged in his normal daily work activities, and while Plaintiff Tabitha Stone was assisting him, Defendant Houk, while acting within the line and scope of his employment, wrongfully committed an intentional touching, and/or threat of the same, on Plaintiffs' persons, in a rude, threatening or explicit manner, under such circumstances that said touching created in Plaintiffs a well-founded fear of an imminent battery.

46. As a direct and proximate result of Defendant Houk's conduct, Plaintiffs were caused to suffer personal injury and severe emotional distress.

47. At all times relevant to this action, Defendant Houk was employed by, or acting as an agent for, Defendant Fishhawk. Defendant Houk was under Defendant Fishhawk's direct supervision, employ and control when he committed the battery described herein.

48. Defendant Houk engaged in this conduct while acting within the course and scope of his employment.

49. Defendant Fishhawk is liable for the tortious conduct of Defendant Houk under the theory of vicarious liability, including the Doctrine of *Respondeat Superior*.

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants Eric Houk and Fishhawk Anderson, for compensatory and punitive damages, interest, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

### COUNT III

### Negligence
### (As to Defendant Fishhawk Anderson)

50. Paragraphs 1 through 37 are incorporated by reference herein as if set out in full

51. Defendant Fishhawk owed a duty to Plaintiff Samuel Stone to allow him to carry out his ordinary daily workplace activities without fear of injury or abuse at the hands of co-workers.

52. Defendant Fishhawk, breached this duty when it acted with negligence, carelessness and/or lack of skill when interacting with Plaintiff Samuel Stone and Defendant Houk as laid out *supra*.

53. As a direct and proximate result of the breaches of duty alleged herein, Plaintiff Samuel Stone suffered painful physical injuries and emotional distress.

54. WHEREFORE, Plaintiff Samuel Stone prays that judgment be entered against Defendant Fishhawk Anderson, Inc. for compensatory and punitive damages, interest, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## COUNT IV

### Race Discrimination and Retaliation Under TITLE VII of the CIVIL RIGHTS ACT OF 1964 (As to Defendant Fishhawk Anderson)

55. Paragraphs 1 through 37 are incorporated by reference herein as if set out in full.

56. Defendant Fishhawk engaged in a discriminatory practice or discriminatory practices against Plaintiff Samuel Stone based on his race and/or his complaints made with respect to the assault and racial abuse directed towards him by a co-worker, with malice or reckless indifference to the Plaintiff's rights under TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended.

57. Furthermore, Plaintiff Samuel Stone was retaliated against in response to his complaints of assault & battery, and his complaints of ongoing discriminatory and racially-harassing behavior by a co-worker.

58. The actions of Defendant Fishhawk violated TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended.

59.     Plaintiff Samuel Stone has and will continue in the future to suffer pecuniary losses as a direct result of Defendant Fishhawk's violation of TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended.

60.     Plaintiff Samuel Stone has suffered, is now suffering, and will continue to suffer emotional distress, pain, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as a direct result of Defendant Fishhawk's violation of TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended.

WHEREFORE, Plaintiff Samuel Stone prays that judgment be entered against Defendant Fishhawk Anderson, Inc., for compensatory and liquidated damages, interest, costs of this action and attorneys' fees, and such other legal and equitable relief as this Court deems necessary and proper.

Dated this, the 9th day of December, 2020.

*/s/ Eric J. Artrip*
Eric J. Artrip (ASB-9673-I68E)
Teri R. Mastando (ASB-4507-E53T)
MASTANDO & ARTRIP, LLC
301 Washington Street, Suite 302
Huntsville, Alabama 35801
Phone:      (256) 532-2222
Fax:        (256) 513-7489
artrip@mastandoartrip.com
teri@mastandoartrip.com

*Attorneys for Plaintiffs, Samuel & Tabitha Stone*

**DEFENDANTS TO BE SERVED VIA CERTIFIED U.S. MAIL:**

Fishhawk Anderson, Inc.,
(c/o Alabama Registered Agent, LLC, Registered Agent),
212 W. Troy Street, Suite B,
Dothan, AL 36303.

Eric Houk,
220 Tanner Point Drive,
New Market, AL 35761.