FILED
2022 May-02 PM 06:07
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **SAMUEL STONE and** ) | |
| **TABITHA STONE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CASE NO.: 5:20-CV-01974-AKK** |
| v. ) | |
| ) | |
| **FISHHAWK ANDERSON, INC.** ) | |
| **and ERIC HOUK** ) | |
| ) | |
| **Defendants.** ) | |

## FISHHAWK'S REPLY BRIEF IN SUPPORT OF SUMMARY JUDGMENT

**I.  Response to Introduction:** Plaintiffs' introduction should be disregarded because counsel did not provide any citations to the record for facts stated in violation of the Court's Order (Doc. 13).[1]

**II.  Undisputed Material Facts Favoring Summary Judgment**

Mr. Stone never complained about Houk before September 12, 2019. (Doc. 38-1 S. Stone at depo 148:16-18). Mr. Stone spent his employment delivering Fishhawk's packages, in his designated truck, on his assigned route, by himself. (Doc. 38-1 S. Stone at depo 47:17-23, 49:20-23). Mr. Stone testified he never shared the same truck loading area, truck, or delivery with Houk before or after September 12, 2019. *(Id.*

---

[1] The Court's Order (Doc. 13) holds "All statements of fact must be supported by specific reference to evidentiary submissions, including page and line citations for depositions. *Id.* at 10.

at depo 49:5-11; 181:22-182:6). Mr. Stone asserts for the first time that Fishhawk subjected him to a hostile work environment by requiring him to work alongside Houk - which is not true. (Doc. 44-2, p. 26). Mr. Stone also testified he only complained about Mr. Houk's alleged racist tendencies after Fishhawk fired Plaintiff. (Doc. 38-1, S. Stone at p. 113:11-15).

Mr. Stone admits the September 12, 2019 incident was the only racist incident he ever had at Fishhawk. (Doc. 38-8, p. 10). Mrs. Stone testified she has no knowledge of Houk using racial slurs. (Doc. 38-2, T. Stone depo 199:4-14). Mr. Stone maintained Mr. Houk was a rampant drug user but testified that he had no evidence of Houk's use illegal drugs or steroids when he complained to Stevenson. (Doc. 38-1, at depo. 118:13-23; 162:6-8 and 165:3-6). Stevenson stated Stone's post-fight complaints alleging Houk's racism were not supported by history managing with Houk. (Doc. 38-5, pp. 7-8, 10, 13-17; 38-6 pp. 8-9, 11, 15-19; 38-7, pp. 1-7)

**A.    Mr. Stone Made A Single Post-Fight Complaint Against Houk:**

On September 12, 2019, Mr. Stone and Houk fought for personal reasons, whereby Houk shoved Stone and went for his hat and Stone responded by choking Houk to the ground while threatening to kill him. (Doc. 38-1, S. Stone at depo p. 73:1-22, 132:9-21; 38-2, T. Stone at depo pp. 24:3-14, 162:1-163). *Id.* at Pg. 24, ln. 3-14 and Pg. 162-163, ln. 14-22). Mrs. Stone chose to intervene to assist Mr. Stone and was injured. *Id*. On September 12, 2019, Houk and Stone submitted verbal

complaints to Denadric Stevenson,(Docs. 38-1, S. Stone depo at 81:21-82:7; 38-3. Houk depo at 35:16-19, 40:18-23; 41:8-15). Fishhawk was not aware of Houk's alleged violent tendencies before the September 12, 2019 incident. (Doc. 38-3, p. 10 Ints. Ans. 16-17). Before Septemer 12, Mr. Stone does not recall a single incident where Houk demonstrated aggressive behavior towards him and he testified that Houk "never said nothing to me." (Doc. 38-1, S. Stone depo at 86:12-15, 119:22-120:8, 244:2-6). Stone's affidavit now improperly refutes this sworn testimony. (Doc. 44-2, p. 23)**.**

Fishhawk never prevented Houk and Stone from filing a report. (38-5, p. 6; 38-6, p. 6). Fishhawk did not reprimand Mr. Stone for meeting with officers during work hours to execute an offense report against Houk on September 12, 2019. *Id*. Mr. Stone's offense report against Houk shows he called the police, not Gail Wynette. (Doc. 38-3, pp. 60-61). Mr. Stone testified that after he complained Fishhawk separated Houk and him even farther and no further altercations occurred.(Doc. 38-1, S. Stone at depo. 181:22-182:6; 38-5, p. 6-7; 38-6, p. 5). Mr. Stone testified he was never afraid of Houk.(Doc. 38-1, S. Stone depo. p. 192:8-11).

Neither Mr. Stone, Stone's counsel, Kirksey, Smith, or Stevenson have personal knowledge of Fishhawk's investigation of the 9/12/19 event or Stone's termination. Stone cannot create a genuine dispute of material fact through wishful thinking about what Stone's counsel, Kirksey, Smith, or Stevenson inferred happened

3

during Fishhawk's decision to terminate Mr. Stone. Josh Smith was not involved in the investigation or termination. (Doc. 44-2, p. 18). Plaintiff admits he never complained about discrimination at the point of termination and he did not know Fishhawk's reason for termination.

Without any personal knowledge, Mr. Atrip improperly offers his own affidavit as an attempt to offer his statement to the EEOC about his opinions concerning pretext and Fishhawk's reasons for terminating Stone. (Doc. 51-1, pp. 1-11). Fishhawk terminated Mr. Stone based on Mr. Stevenson's recommendation. Stevenson admits he recommenced Stone's termination because Stone was disgruntled, insubordinate, angry, and he lacked the necessary performance as Fishhawk's driver. (Doc. 38-6, p. 11 16; 38-7, pp. 3-7). Nothing in the record supports Plaintiffs' allegation that Fishhawk's investigation was inadequate.

Fishhawk did not provide Mr. Stone reason for his termination and it did not mention anything about prior racially offensive statements, or any motive for retaliation. (Doc. 38-1, Stone at depo. 52:4-9). There is no evidence showing Mr. Stevenson's recommendation to terminate Stone was untruthful. (Doc. 38-4, Fishhawk at depo 30:6-10; 31:9-13; 38-5, D. Anderson Declaration pp. 9-11; 38-6, L. Anderson Declaration pp. 9-13). Plaintiffs cannot show that one of the only Caucasian non-managerial employee at the relevant time was treated more favorably,

who was also terminated for insubordination. (Doc. 38-5, pp. 10).[2] Mr. Stone admits once Fishhawk received notice of the fight, it took immediate action to prevent any future altercations. (Doc. 38-1, S. Stone at depo. 181:21-182:6). Plaintiffs provide no evidentiary support that Fishhawk ratified or approved of Houk's and/or Stone's actions concerning September 12, 2019.

## III.    Argument

**A.    Mr. Stone cannot save the retaliation claim without the introduction of sham evidence:**

Mr. Stone describes his retaliation claim with reference to the burden-shifting framework applicable to those cases without direct evidence. (Doc. 49, pp. 23-26). Plaintiffs' misconstrued the Court's holding in *Orr v. Russell Forest Prods.*, No. 5:19-cv-01173- HNJ, 2021 U.S. Dist. LEXIS 218491, at *2-18, 23-35 (N.D. Ala. July 14, 2021), by claiming a general complaint of mistreatment is sufficient to establish retaliation. *Id*. The undersigned represented Mr. Orr against Russell and Orr's facts involved Mr. Orr confronting a racist supervisor who directly influenced Russell's decision to terminate his employment. *Id*. Unlike Mr. Stone, Mr. Orr submitted multiple complaints of discrimination against his supervisor over the period of several months and his supervisor responded with threats of violence against Orr and Orr's - including threats of the KKK, amongst others. *Id*. Further, Orr's supervisor was the

---

[2]Josh Smith is Asian-American.

discriminating party, unlike Houk - a non-decisionmaker. *Id*. When Orr escalated his complaints, Orr's supervisor created a scheme to terminate Orr by having all of Orr's Caucasian female co-workers make false sexual harassment allegations, which the Court found lacked merit. *Id*. Orr's supervisor was allowed to promote and influence Russell's decision to terminate Mr. Orr. *Id*. Orr's facts did not contain "general" complaints of discrimination, the complaints were specifically directed against Orr's decisionmaker/supervisor, who in-turn influenced his termination. *Id*. Plaintiffs' counsel here left out the fact that Orr's supervisor was also the discriminating bad-actor, unlike Houk. Stone's counsel misstates the cat's paw standard. Houk played no role in Stone's termination and Fishhawk reasonably relied on Stevenson's recommendation to terminate Stone. Mr. Stone and Mr. Houk did not have the authority to hire/fire/reprimand Fishhawk's employees. (Doc. 38-1 at depo 82:8-83:8).

There are two important items to address here. First, there was only one protected complaint to Mr. Stevenson - viewing facts most favorable to the non-movant. Second, Fishhawk never contended that for purposes of summary judgment, Plaintiff did not engage in protected conduct when making this complaint. Similarly, Fishhawk did not argue, for purposes of summary judgment, that Plaintiff's termination was not an adverse action. Fishhawk did demonstrate that Plaintiff was unable to show causation due to Mr. and Mrs. Anderson, the ultimate decisionmakers, not having personal knowledge of Mr. Stone's alleged protected activity, and the

6

temporal distance between his effective protected complaint and his termination.

Stone alleges that he complained of a racial slur stated by a non-managerial employee to Stevenson on September 12, 2019. (Doc. 49, p. 25-26). Stone argues without support from Stevenson, Kirksey, or Smith that Fishhawk demanded he withdraw the report and/or that he possessed the authority to withdraw his offense report he executed against Houk on September 12, 2019 (Doc.49, pp. 49, 25). However, as explained in our motion to strike, this is a false and self-serving sham assertion. (Doc. 46, pp. 5-8). Plaintiff admits Fishhawk took imediate action and no fights resulted further, but infers without support that no investigation was conducted. (Doc. 49, p. 25). The next complaint Fishhawk received from was Stone's charge of discrimination, filed after he was terminated. (Doc. 1-1, pp. 2-3).[3]

Plaintiff concedes that Lynette and Doug Anderson had no actual knowledge of Plaintiff's protected activity, but argues that race played a role in their decision to terminate his employment. (Doc. 25 p. 25-26). Mr. Stone claims someone manipulated a set circumstances to cause Plaintiff's termination. *Id* at 26.[4] Plaintiff advances this argument as the second part of his causation proof and as his sole argument of pretext which is based on an out of court statement offered for the truth

---

[3]-Fishhawk never told Mr. Stone he was terminated for using a non-employee on his route, this was just inferred by his counsel. (*See* Doc. 38-1, at depo 114:22-115:3 vs.51-1, PP. 2-3, 11).

[4]Plaintiffs never demanded a trial by jury and all factual disputes are to be decided by the Court as the trier of fact.

of the matter by his attorney's to the EEOC. Mr. Atrip improperly attempts to offer his testimony about the statement and inferences he made to the EEOC about his alleged pretextual reasons for Stone's termination as evidence opposing summary judgment. (Doc. 51-1). As Plaintiffs' counsel, Mr. Atrip's affidavit testimony and the attached exhibits cannot be reduced to evidence at trial because he cannot act as his clients' factual witness. Fishhawk anticipated this cat's paw theory and addressed it in its initial brief. (Doc. 39, pp. 18-19). Plaintiffs completely fail to address how Mr. Houk's non-existent role in the investigation could satisfy Plaintiffs' burden to establish that Mr. Houk's actions must have been the but-for cause of his termination. *See*, *Moore v. Delta Airlines, Inc.,* 2020 U.S. Dist. LEXIS 6791, *50 (N.D. Ala.) (Johnson, M.J.) (*quoting Sims v. MVM, Inc.*, 704 F.3d 1327, 1335 (11th Cir. 2013)). Mr. Stone has not provided any evidence that Houk influenced his termination. Thus, Plaintiffs' "mere speculation is not sufficient to overcome summary judgment." *Green v. Mobis Ala., LLC*, 613 Fed. Appx. 788, 794-95 (11th Cir. 2015) (stating even where decisionmaker did not know of plaintiff's protected activity and reasonably believed plaintiff committed terminable offense, plaintiff's ability to advance an alternate theory, without evidence, did not defeat employer's motion for summary judgment).

B.     **Mr. Stone cannot state a claim for race discrimination.**

Mr. Stone fails to advance "Disparate Treatment" theory and he does not establish a comparator for the Court's analysis. Mr. Stone argues that he was treated

differently than Mr. Houk by inferring that Mr. Stevenson, an African-American, openly allowed Mr. Houk to racially harass him.[5] Stevenson admitted he recommended Mr. Stone's termination to Lynette and Doug Anderson for other reasons (Doc. 38-7, pp. 1-7). Plaintiff testified that his complaint to Stevenson was effective, and because it is undisputed that Mr. Houk was not a decisionmaker, there is no direct evidence of discrimination. *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358 (11th Cir. 1999).

**C.    Plaintiff and Mr. Houk were not similarly situated:** Houk and Stone were not similarly situated. Mr. Stone failed to show the he and Mr. Houk engaged in the same basic misconduct, were subject to the same rules, were under the jurisdiction of the same supervisor, and had the same employment/disciplinary history. *Lewis v. City of Union City*, 918 F.3d 1213, 1227-28 (11th Cir. 2019).

**D.    Stone's Negligence Claim Fails**: Mr. Stone has not produced any evidence showing how Fishhawk owed him protection from unforeseeable harms outside the scope of his employment. Mr. Stone has not produced evidence showing how Fishhawk breach its duty to him. Mr. Stone and Houk decided to fight one another for personal reasons that were unrelated to work. Fishhawk had no notice prior to the September fight that any altercation, assault, or battery of another by Houk's was

---

[5] The affiants who provided testimony on Stone's behalf do not state that they heard racially discriminatory statements near the time of Plaintiff's termination or that Houk was involved in Stone's termination.

reasonably foreseeable. Any damages either Plaintiff sustained by fighting and/or intervening in the fight with Houk was a result from their own actions and contributory negligence.

**E.     Mr. Stone Failed To Plead A Hostile Work Environment Claim:** For the first time, Stone asserts a claim for harassment and hostile work environment, though Plaintiff has not brought any claim for harassment. (Doc. 49. pp. 13-16). Plaintiff's Amended Complaint does not contain a claim for harassment or hostile work environment. (Doc. 16, pp. 11-12). Assuming that Plaintiff could bring a claim of racial harassment, that claim would be subject to the Faragher-Ellerth defense because it is undisputed that based on admissible evidence, (and not sham declarations) Fishhawk had a policy against harassment and there was no recurrence of the complaint of conduct following Plaintiff's complaint to Stevenson. In *Baldwin v. Blue Cross/Blue Shield*, the Eleventh Circuit held that an employer could maintain a Faragher-Ellerth defense despite imperfections in process as long as the remediation is reasonably likely to be effective. 480 F.3d 1287, 1303-1305 (11th Cir. 2007). Fishhawk's handling of Stone's complaint was effective because Houk never acted racially again.

**F.     Conclusion:** For the effectively unrebutted reasons articulated in Fishhawk's initial brief and herein, Fishhawk requests that this Court grant it summary judgment with respect to all claims raised by Plaintiffs.

RESPECTFULLY SUBMITTED,

*s/ Daniel Patrick Evans*
Daniel Patrick Evans
ASB-3209-R67G
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: dpevans@evanslawpc.com
Attorney for Fishhawk
Fishhawk Anderson, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Plaintiffs:**
Eric J. Artrip, Esq.
Teri R. Mastando, Esq.
Mastando & Artrip, LLC
301 Washington Street, Suite 302
Huntsville, Alabama 35801
artrip@mastandopartrip.com
teri@mastandoartrip.com

**Attorneys for Fishhawk Eric Houk**
Jeremiah M. Hodges
Timothy M. McFalls
Hodges Trial Lawyers, P.C.
320 Clinton Avenue East

11

Huntsville, Alabama 35801
jmhodges@notanaccident.com
tmmcfalls@notanaccident.com

                                            *s/ Daniel Patrick Evans*
                                            Daniel Patrick Evans